UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISON

| | | |
|---|---|---|
| CHAR M. SHUNICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-4152 |
| | ) | |
| PATRICK KISLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7.1(D) (Doc. 15) and Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) (Docs. 16, 17). For the reasons stated below, Defendants' Motion to Dismiss is GRANTED, and Defendants' Motion for Summary Judgment is MOOT.

## Background

Plaintiff, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). At merit review, the Court permitted Plaintiff to proceed on his claims that (1) Defendant Kisler used unreasonable force when he intentionally applied the handcuffs in a painful way during the arrest in September or October 2019; (2) Defendant Worsfold violated his constitutional rights based on an unconstitutional search in September or October 2019; and (3) Defendants Kisler and Worsfold violated his constitutional rights based on his false arrest and imprisonment in September or October 2019. (Doc. 6 at 7).

1

On August 4, 2022, the Court entered a Scheduling Order directing Plaintiff to provide Defendants with various disclosures within thirty days, including:

A. The names of the persons with knowledge of the relevant incidents whom Plaintiff may use to support his claims, along with a short description of what each person knows;

B. Copies of documents Plaintiff possesses which Plaintiff may use to support his claims; and

C. A statement of the injuries Plaintiff suffered and the relief Plaintiff seeks.

(Doc. 13 at 3).

On March 3, 2023, Defendants filed a Motion for Summary Judgment and a Motion to Dismiss. (Docs. 15, 16). Plaintiff did not respond. This Order now follows.

**Legal Standard**

Federal Rule of Civil Procedure 41(b) provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "The Seventh Circuit has stated that a court must use its dismissal power sparingly, as it is a 'harsh sanction' which should 'be employed only as a last resort.'" *Massey v. Alberson*, 2019 WL 176821, at *1 (N.D. Ind. Jan. 11, 2019) (quoting *Rice v. City of Chi.*, 333 F.3d 780, 786 (7th Cir. 2003)). When presented with a motion to dismiss for failure to prosecute, a court should consider the following:

> [T]he frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather

2

> than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Ball v. City of Chi.*, 2 F.3d 752, 759-60 (7th Cir. 1993).

## Analysis

Defendants argue that Plaintiff's Complaint should be dismissed with prejudice under Rule 41(b) because he continuously failed to prosecute his case and comply with the Court's Orders. Defendants assert Plaintiff failed to comply with the Scheduling Order because he did not disclose the names of persons with knowledge of the incidents complained of, documents he possessed which he planned to use to support his claims, a statement of the injuries he sustained, and the relief he sought. (Doc. 13 at 3).

Plaintiff also failed to file a response to Defendants' Motion for Summary Judgment and Motion to Dismiss. The Court issued two Notices warning Plaintiff if he failed to respond within twenty-one days, the motions would be granted, if appropriate, and the case would be terminated without a trial. (Docs. 18, 19). Plaintiff's responses were due on March 24, 2023, but he did not respond or request an extension of time.

Defendants argue a dismissal with prejudice is warranted because this is the second action Plaintiff has filed alleging essentially the same causes of action. (*See* Case No. 19-4244). Plaintiff filed his first Complaint against Defendants on December 4, 2019. (Doc. 17-1 at 1-9). At merit review, the Court directed Plaintiff to answer certain questions concerning his Complaint by February 19, 2020. *Id.* at 10-14. After Plaintiff failed to

3

comply with the Court's Order, the Court dismissed his Complaint without prejudice for failure to prosecute with due diligence and failure to follow Court Orders. *Id.* at 15. Judgment was entered on May 20, 2020. *Id.* at 16. On September 14, 2021, Plaintiff filed the instant action concerning the same claims. (Doc. 1). This is the second time Plaintiff has failed to comply with Court Orders and diligently prosecute these claims.

Plaintiff represents himself and is responsible for failing to prosecute this case. This Court expended time issuing a Merit Review Order and reviewing Defendants' motions and other pleadings. Defendants assert they have been prejudiced by being forced to defend against actions that occurred almost three and one-half years ago; responded to Plaintiff's Complaint; and conducted a deposition to verify the exact date of the incident. Defendants also assert Plaintiff's claims are barred by the statute of limitations. (Doc. 15). As a result, the Court finds that dismissing this case with prejudice pursuant to Rule 41(b) based on Plaintiff's failure to prosecute with due diligence and failure to follow Court Orders is appropriate. Defendants' Motion to Dismiss is GRANTED. This case is dismissed with prejudice. Based upon the dismissal of this case, Defendants' Motion for Summary Judgment is MOOT.

**IT IS THEREFORE ORDERED:**

1. Defendants' Motion to Dismiss [16] is GRANTED. Plaintiff's Complaint is DISMISSED with prejudice. Defendants' Motion for Summary Judgment [15] is MOOT.

2. The Clerk is directed to close this case enter a judgment pursuant to Fed. R. Civ. P. 58.

3. If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: 5/17/23

                                                  s/ James E. Shadid
                                                  JAMES E. SHADID
                                       UNITED STATES DISTRICT JUDGE